UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANTE LOUIS COKER,

        Petitioner,                                       Case No. 1:22-cv-11320

v.                                                     Honorable Thomas L. Ludington
                                                            United States District Judge

GEORGE STEPHENSON,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS PETITION, CERTIFICATE OF APPEALABILITY, AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Dante Louis Coker, imprisoned at Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* application for a writ of *habeas corpus* under 28 U.S.C. § 2254. He was convicted on his no-contest plea of second-degree murder, MICH. COMP LAWS § 750.317, and felony-firearm, MICH. COMP LAWS § 750.227b. He was sentenced to 20–58 years' imprisonment for the murder conviction and 2 years' imprisonment for the felony-firearm conviction. He argues that counsel was ineffective for advising him to plead guilty without obtaining a psychiatric expert to evaluate his criminal responsibility or his mental competency to plead guilty.

As explained hereafter, the Petition will be denied for lack of merit.

**I.**

Petitioner stands before this Court having been convicted of the tragic murder of his father and father's girlfriend. *See* ECF No. 9-6 at PageID.329–30. As a matter of record, Petitioner was found incompetent to stand trial at the start of this case, following a referral to the Center for Forensic Psychiatry (CFP) at the request of Petitioner's Counsel. *Id.* at PageID.288. Due to Petitioner's incompetency, the charges were dismissed under Michigan law after a period

exceeding sixteen months. *Id.*; ECF Nos. 9-3 at PageID.150; 9-5 at PageID.204.[1] But the charges were reinstated after Wayne County District Judge Ronald Giles conducted a competency hearing on March 18, 2019, where he found that Petitioner was competent to stand trial based on Dr. Richard Rickman's report of March 11, 2019, despite Petitioner's uncooperative behavior during the interview. ECF No. 9-3 at PageID.147–52.

In March 2019, Judge Giles conducted a preliminary examination, where he bound over Petitioner for trial on one count of open murder,[2] one count of first-degree murder, and two counts of felony-firearm. ECF No. 9-4 at PageID.156, 197. Then Petitioner's Counsel filed a motion to suppress Petitioner's statement to the police as involuntary. ECF Nos. 9-1 at PageID.138; 9-6 at PageID.302. An evidentiary hearing was conducted before Wayne County Circuit Judge Lawrence S. Talon in May 2019, where Petitioner testified extensively and was cross-examined by the prosecutor. ECF No. 9-6 at PageID.257–90. Despite Judge Talon's observation that Petitioner was polite, articulate, and used his words "appropriately," the motion to suppress was denied, and Petitioner was found competent to waive his *Miranda* rights. *Id.* at PageID.321–30.

In June 2019, Petitioner pleaded no contest before Judge Talon to a reduced charge of second-degree murder and one count of felony-firearm, relating to the death of his father's girlfriend. ECF No. 9-8 at PageID.357–75. As part of the plea agreement, the prosecutor agreed to dismiss the first-degree murder charge relating to the girlfriend and the open murder and felony-firearm charges relating to the father. *Id.* at PageID.365–66. Petitioner acknowledged the

---

[1] Michigan law requires that criminal charges be dismissed 15 months "after the date on which the defendant was originally determined incompetent to stand trial." MICH. COMP. LAWS § 330.2044(1)(b). Such dismissed charges may be reinstated if a judge determines "after a hearing that the defendant is competent to stand trial." *Id.* § 330.2044(4).
[2] Under Michigan law, open murder "allow[s] the jury to find either first- or second-degree murder." *Taylor v. Withrow*, 288 F.3d 846, 849 (6th Cir. 2002).

terms of the plea and sentencing agreement, which included a sentence of 28–50 years in prison for the second-degree murder conviction. *Id.* at PageID.361–63.

During the plea-agreement hearing, Judge Talon advised Petitioner of the mandatory life-without-parole penalty for the original first-degree murder charge, as well as the rights that he was waiving by pleading no contest, including the right to a trial. *Id.* at PageID.364–70. Petitioner said he understood the terms of the agreement and was satisfied with Counsel's services. *Id.* at PageID.367–70. Petitioner asked if he was entitled to sentencing credit for the 25 months that he already served, and Judge Talon replied in the affirmative. *Id.* at PageID.366. Petitioner's Counsel confirmed that there were no issues as to Petitioner's competency at the time of the plea, and Judge Talon used the preliminary-examination transcript and the medical examiner's report to establish a factual basis for the plea. *Id.* at PageID.370–73. In July 2019, Judge Talon sentenced Petitioner to consecutive terms of 28–50 years' imprisonment for the second-degree murder conviction and 2 years' imprisonment for the felony-firearm conviction. ECF No. 10-1 at PageID.390.

In January 2020, through appellate counsel, Petitioner filed a motion to withdraw his guilty plea, ECF No. 10-2, which Judge Talon denied, *People v. Coker,* No. 19-002134-FC (Mich. 3d Cir. Ct. Wayne Cnty. Mar. 2, 2021); ECF No. 10-7 at PageID.422–24. Two months later, Petitioner's conviction was affirmed twice on appeal. *People v. Coker*, No. 356612 (Mich. Ct. App. May 20, 2021), *appeal denied*, 965 N.W.2d 533 (Mich. 2021) (Mem.).

Petitioner now seeks a writ of *habeas corpus* on the bases that (1) he was denied effective assistance of counsel because his trial counsel failed to obtain an expert evaluation of his criminal responsibility and his mental competency, and (2) that the trial court erred in denying his motion to withdraw his plea because he was denied effective assistance and the evidence demonstrated that he suffered from mental illness. ECF No. 1 at PageID.19.

## II.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which "circumscribe[s]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

### A.

"The AEDPA standard of review only applies to claims that were 'adjudicated on the merits in State court proceedings.'" *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010) (quoting *Hartman v. Bagley*, 492 F.3d 347, 356 (6th Cir. 2007)).

The Michigan Court of Appeals denied Petitioner leave to appeal in a form order "for lack of merit in the grounds presented." ECF No. 10-8 at PageID.425. Then the Michigan Supreme Court denied him leave to appeal in a form order based on "the question presented." ECF No. 10-9 at PageID.791. The question is thus whether these decisions were "adjudicated on the merits."

If a state-court decision "is unaccompanied by an explanation," then the habeas petitioner must still show that "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). However, if the state court denies relief for "a federal claim," then "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99 (citation omitted). This presumption can only be overcome if "there is a reason to think some other explanation for the state court's decision is more likely." *Id.* at 99–100 (citation omitted).

Here, the Michigan decisions were on the merits. The Michigan Court of Appeals rejected the appeal "for lack of merit in the grounds presented," ECF No. 10-8 at PageID.425, and the Michigan Supreme Court denied leave to appeal in a similar form order, ECF No. 10-9 at

PageID.791. As the "denial of an application 'for lack of merit in the grounds presented' is a decision on the merits of the issues raised," it "qualif[ies] for AEDPA deference." *Werth v. Bell*, 692 F.3d 486, 493–94 (6th Cir. 2012). Therefore, AEDPA's deferential standard of review applies to the claims that Petitioner raised on direct appeal.

B.

Under the amended 28 U.S.C. § 2254(d), a federal court may issue the writ only if the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Franklin v. Francis*, 144 F. 3d 429, 433 (6th Cir. 1998).

A state court's decision is "contrary to" clearly established federal law if it either (1) applies a standard different than what Supreme Court precedent says to apply or (2) applies the correct precedent to materially indistinguishable facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 397, 405–06 (2000). A state decision is not "contrary to" clearly established federal law if it applies a state-law standard that has "some similarity" to the Supreme Court's standard. *See Robertson v. Morgan*, No. 20-3254, 2020 WL 8766399, at *4 (6th Cir. Dec. 28, 2020).

An "unreasonable application" of federal law unreasonably applies the correct law to the facts of the case. *Williams*, 529 U.S. at 409. A mere error is not enough, as the state court's application of federal law "must have been objectively unreasonable," *Wiggins*, 539 U.S. at 520–21, and must be "given the benefit of the doubt," *Renico v. Lett*, 559 U.S. 766, 773 (2010). If fairminded jurists could disagree on the correctness of the state court's determination that a claim lacks merit, then federal habeas relief is precluded. *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, if it is within the "realm of

possibility" the state decision is reasonable, then habeas relief must be denied. *See Woods v. Etherton*, 578 U.S. 113, 113 (2016) (per curiam).

The federal court must presume the correctness of the state court's factual findings, 28 U.S.C. § 2254(e)(1), giving "complete deference" to any findings that are not "clearly erroneous," *West v. Seabold*, 73 F. 3d 81, 84 (6th Cir. 1996) (citation omitted). A "readiness to attribute error [to the state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overturn the state court's factual findings, the petitioner must prove by clear and convincing evidence that they were unreasonable "in light of the evidence presented in the State court proceeding." *Eady v. Morgan*, 515 F.3d 587, 594–95 (6th Cir. 2008) (citing 28 U.S.C. § 2254(d)(2), (e)(1)).

### III.

In order to show that he was denied the effective assistance of counsel, Petitioner must satisfy a two-pronged test. First, Petitioner must demonstrate deficient performance: "errors so serious that counsel was not" even "reasonably effective." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, Petitioner must demonstrate prejudice: "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A.

Petitioner first asserts Counsel should have obtained a psychiatrist to evaluate his criminal responsibility for pursuing an insanity defense. ECF No. 10-9 at PageID.794–95. Petitioner also asserts Counsel should have obtained a psychiatrist to evaluate his mental competency for pleading no contest because of his mental-health history and the CFP's later-reversed finding that he was incompetent to stand trial. *Id.* at PageID.796–97.

Petitioner's unconditional no-contest guilty plea waived both claims. An unconditional guilty plea waives all preplea nonjurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). As does a no-contest plea. *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (citations omitted). Such a waiver includes claims of ineffective counsel for not investigating or pursuing an insanity defense. *See Watkins v. Campbell*, 182 F. Supp. 3d 727, 735 (W.D. Mich. 2016) (quoting *Haring v. Prosise*, 462 U.S. 306, 321 (1983)).

**B.**

Assuming Petitioner did not waive his claims—he did—he cannot demonstrate Counsel was ineffective for not exploring an insanity defense. Under Michigan law, "[l]egal insanity is an affirmative defense requiring proof that . . . the defendant lacked 'substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or conform his or her conduct to the requirements of the law.'" *People v. Carpenter*, 627 N.W.2d 276, 280 (Mich. 2001) (quoting MICH. COMP. LAWS § 768.21a(1)). The defendant must prove "the defense of insanity by a preponderance of the evidence." MICH. COMP. LAWS § 768.21a(3).

Petitioner presented no evidence that he was legally insane *during* his crimes. *See, e.g.*, *Sneed v. Johnson*, 600 F.3d 607, 611 (6th Cir. 2010). In Michigan, an insanity defense requires a mental illness. *People v. Ramsey*, 375 N.W.2d 297, 302 (Mich. 1985); *People v. Fultz*, 314 N.W.2d 702, 704 (Mich. Ct. App. 1981). Although Petitioner testified to a *premurder* diagnosis of "[m]anic depressive or bipolar," ECF No. 9-6 at PageID.266, he has yet to corroborate it with evidence. And Counsel presented evidence of only a *postmurder* diagnosis. *E.g.*, *id.* at PageID.301, 312, 317. Far from a premurder diagnosis, Petitioner explained that he consciously made "some decisions" despite being off medication for "[s]everal years," did "not receive outpatient mental health treatment," and had no "hallucinations" or "previous suicide attempts." *See id.* at PageID.274–78,

297–98. Nor has Petitioner identified an expert who would testify that he was legally insane during the murders. As a result, Counsel's failure to raise an insanity defense did not prejudice Petitioner. *See Abdur'Rahman v. Bell*, 226 F.3d 696, 715 (6th Cir. 2000); *see also People v. Grimes*, No. 341417, 2020 WL 557559, at *5 (Mich. Ct. App. Feb. 4, 2020) (per curiam) (denying ineffective-assistance claim because petitioner "ha[d] not provided any evidence of an expert that would benefit his defense more than" expert who testified).

True, it would have been "nonfrivolous" for Counsel to seek a psychiatric evaluation because she thought Petitioner "had been diagnosed with bipolar disorder and had been prescribed psychiatric medications." *People v. Shahideh*, 758 N.W.2d 536, 548–49 (Mich. 2008) (Taylor, C.J., concurring); *see also* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 37 (2022) (explaining that the scales often tip in favor of grappling with entrenched biases).

But Counsel's choice not to seek a psychiatric evaluation was also reasonable. Indeed, insanity defenses resulted in acquittal for less than 0.26% of felony defendants during Petitioner's crimes, guilty plea, and sentencing. Ashley H. VanDercar & Phillip J. Resnick, *The Insanity Defense: Historical Precedent and Modern Application*, 48 PSYCHIATRIC ANNALS 95, 95 (2018); *see also Weekley v. Jones*, 76 F.3d 1459, 1463 (8th Cir. 1996) (en banc) (citing Caryl E. Boehnert, *Characteristics of Successful and Unsuccessful Insanity Pleas*, 13 LAW & HUM. BEHAV. 31, 34, 36–37 (1989))). Because insanity defenses rarely succeed, Counsel's decision "to forego" an insanity defense was reasonable, *see, e.g.*, *Silva v. Woodford*, 279 F.3d 825, 851 (9th Cir. 2002), especially considering the complete lack of corroboration of a premurder diagnosis, *see Sneed v. Johnson*, 600 F.3d 607, 611 (6th Cir. 2010). Therefore, Counsel's restraint in not seeking a psychiatric evaluation was appropriate. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## C.

Petitioner's claim that Counsel did not evaluate his mental competency also lacks merit. Criminal defendants must be able to consult a lawyer and to have a rational understanding of the adversarial proceedings. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). Michigan law presumes competency to plead no contest. *See* MICH. COMP. LAWS § 330.2020(1); *Godinez v. Moran*, 509 U.S. 389, 398–99 (1993). A petitioner's due-process claims regarding mental competency could be procedural or substantive. *Hastings v. Yukins*, 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002).

Procedural competency claims allege the court failed to conduct a competency hearing despite a "bona fide doubt" as to competency. *Walker v. Att'y Gen. for Okla.*, 167 F.3d 1339, 1343 (10th Cir. 1999), *modified*, *McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001); *see Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (requiring substantial evidence). Although demeanor in court, irrational behavior, and medical opinions are relevant, *Drope v. Missouri*, 420 U.S. 162, 180 (1975) (per curiam), the defendant's conduct must trigger a reasonable doubt as to competency, *Godinez*, 509 U.S. at 402 n.13. The state court's factual determinations are rebuttable by only clear and convincing evidence to the contrary. *See Franklin*, 695 F.3d at 447.

But the state court held a competency hearing. ECF No. 9-3 at PageID.145–55. And no evidence there raised a *bona fide* doubt regarding Petitioner's competency to stand trial. *See id.*; discussion *supra* Section III.B. The state court considered adverse evidence and even show caused the CFP for reports, which determined Petitioner competent, to which Counsel had "no objection." ECF No. 9-3 at PageID.150–51. In this way, Petitioner's procedural competency claim lacks merit. *See United States v. Pitts*, No. 20-3238, 2021 WL 1940432 (6th Cir. May 14, 2021) ("If a psychiatrist has determined that a defendant is competent, a court is not required to hold a further evidentiary hearing absent extenuating circumstances." (citation omitted)).

Substantive competency claims require proof by a preponderance that the defendant was incompetent while tried and convicted. *Walker*, 167 F.3d at 1344. To that end, Petitioner must present evidence generating a legitimate doubt as to his ability to stand trial. *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). A real and substantial doubt warrants an evidentiary hearing. *Id.* But retrospective determinations are disfavored, and the court must give considerable weight to the lack of contemporaneous evidence of incompetence. *Id.* at 653.

The superseded CFP report and Petitioner's uncorroborated testimony about his premurder mental-health history are the only evidence supporting his incompetency claim. *See* ECF No. 9-6 at PageID.266, 292–93. Although Petitioner testified to low intelligence, mental deficiency, and alleged medication treatment, *id.* at PageID.265–66, none of those things automatically equate with incompetence, *Hastings v. Yukins*, 194 F. Supp. 2d 659, 671–72 (E.D. Mich. 2002) (citations omitted); *see also Pitts*, 997 F.3d at 700; *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996). Even a corroborated bipolar diagnosis—which Petitioner has not provided—neither signifies incompetence for defendants who can understand their rights and participate in the proceedings, *see United States v. Alfadhili*, 762 F. App'x 264, 267–68 (6th Cir. 2019), nor triggers a competency hearing, *see United States v. Allen*, 665 F. App'x 531, 534 (6th Cir. 2016).

And all Petitioner's in-court behavior demonstrated his competency. He responded appropriately to questions from Counsel, the prosecutor, and the court at the suppression hearing, ECF No. 9-6 at PageID.257–91, the plea, ECF No. 9-8 at PageID.359–73, and sentencing, ECF No. 10-1 at PageID.383–93. Even the court reasonably found that Petitioner was polite, articulate, and used his words "appropriately." *See* discussion *supra* Part I. He also testified to understanding more than 25 nuances of the proceedings and requested clarification when he did not. *See* ECF Nos. 9-7 at PageID.351–53; 9-8 at PageID.363–70; 10-1 at 384. And he deftly responded

negatively to unfavorable questions and affirmatively to favorable ones. *See, e.g.*, ECF No. 9-6 at PageID.274–76, 280–82. In this way, Petitioner's "after the fact" incompetency claim lacks merit. *See United States v. Calvin*, 20 F. App'x 452, 453 (6th Cir. 2001); *Hastings*, 194 F. Supp. 2d at 672. For the same reasons, Counsel's choice not to request another competency hearing did not prejudice Petitioner. *See Nemzek v. Jamrog*, 93 F. App'x 765, 766–67 (6th Cir. 2004) ("A reasonable judge, situated as was the trial judge, would not have experienced doubt of [Petitioner]'s competency."); *Bair v. Phillips*, 106 F. Supp. 2d 934, 941–42 (E.D. Mich. 2000).

### D.

In sum, Petitioner waived his claims and provided no evidence that refutes the psychiatric report finding him competent, that he was incompetent when he pleaded, or that he had a valid insanity defense to the murders—much less than clear and convincing evidence. As a result, Counsel was not ineffective for failing to seek an independent psychiatric evaluation of Petitioner's criminal responsibility or his competency to plead no-contest. *See Stewart v. Morgan*, 232 F. App'x 482, 488 (6th Cir. 2007). Consequently, Petitioner is not entitled to habeas relief.

### IV.

Before Petitioner may appeal this dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies habeas on the merits, the substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). In applying that standard, a district court may not conduct a full-merits review; it must limit its examination to a threshold inquiry into the underlying merit of the petitioner's

claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Because reasonable jurists would not disagree that Petitioner has not substantially showed the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). And Petitioner will be denied leave to appeal *in forma pauperis* because his appeal would be frivolous. *See* FED. R. APP. P. 24(a).

V.

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

**This is a final order and closes the above-captioned case**.

Dated: March 16, 2023                         s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge